**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO ISSUE WRIT OF** |
| vs. | ) | **AUDITA QUERELA** |
| | ) | |
| Sebastian Joseph Feist, | ) | Case No. 1:08-mc-006 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Defendant's pro se pleading entitled "Feist Petitions the Court to Issue a Writ of Audita Querela" filed on April 28, 2008. See Docket No. 2. The Government filed a response in opposition to the motion on June 27, 2008. See Docket No. 6. The Defendant filed a reply brief on July 14, 2008. See Docket No. 7. The Court denies the motion for the reasons set forth below.

**I.   BACKGROUND**

The defendant, Sebastian Joseph Feist, was indicted on five counts for his part in the kidnapping and murder of Wade Zick and Ellen Zick that occurred on or about July 11, 1976, in North Dakota. Count One charged Feist with bank robbery by force and violence involving the use of firearms. Counts Two and Three charged Feist with bank robbery that involved assault and putting the lives of other individuals in jeopardy by use of a dangerous weapon. Counts Four and Five charged Feist with killing Wade Zick and Ellen Zick to avoid apprehension for the commission of a bank robbery. Feist pled guilty to Counts One, Two, Three, and Five of the indictment and to an Information that charged Feist with forcing Wade Zick to accompany him in avoiding and attempting to avoid apprehension for his commission of the bank robbery, in violation of 18 U.S.C.

§ 2213(e). On October 4, 1976, Feist was sentenced to life imprisonment on Count Five. The Court deferred imposition of sentence on the remaining counts and Information. At sentencing, and in the Judgment and Commitment Order, the Court stated that "the Court makes no recommendation as to the Parole of this defendant."

On February 8, 1977, Feist escaped from a Federal Correctional Institution. On March 5, 1977, Feist was apprehended. Feist pled guilty to escaping from a federal prison and was sentenced to a one-year term of imprisonment to run consecutive to his life sentence.

After a pre-hearing assessment, Feist was afforded an initial parole hearing on February 2, 1986. The hearing examiners recommended that Feist be denied parole and continued to a 15-year reconsideration hearing. The Regional Commissioner agreed and continued Feist to a 15-year reconsideration hearing to be held in 2001. The United States Parole Commission (Parole Commission) determined that Feist's salient factor score was 4 and his offense severity was a category 8 because the offenses involved robbery, kidnapping, and murder, requiring service of at least 100 months. Feist's parole guidelines were increased by 8-16 months because of his escape and further increased by 18-24 months because Feist stole a vehicle in the commission of the escape. Feist was given an additional 52-80 months for assaulting another inmate. Feist's final parole guideline range was 178+ months. The Parole Commission then determined that a decision over 48 months above the minimum range of 178 months was warranted because Feist's crime involved the kidnapping and murder of two victims, and because Feist was involved in a serious assault of a fellow inmate. Feist unsuccessfully appealed the decision to the National Appeals Board.

Feist received a 15-year reconsideration hearing in April 2001. The hearing examiner determined that Feist's aggregate parole guideline range was 206+ months. The examiner

recommended that parole be denied and that Feist be continued to a 15-year reconsideration hearing to be held in 2016.  The Regional Commissioner agreed and ordered that Feist be continued to a 15-year reconsideration hearing.  However, the Regional Commissioner determined that Feist's aggregate guideline range was 220+ months.

On November 7, 2006, the Parole Commission ordered that Feist be given a combined statutory interim and mandatory parole hearing because he was within 120 days of his mandatory release date.  The Parole Commission denied mandatory parole for Feist and continued him to the expiration of his sentence.  Feist unsuccessfully appealed the decision to the National Appeals Board.

As Feist's motion pertains to the status of his parole, a brief discussion of the federal parole system is warranted.  The Sentencing Reform Act of 1984 (Act), Pub. L. 98-473, which took effect on November 1, 1987, provided "for the total revamping of the sentencing procedures in the federal judicial system."  Walden v. United States Parole Comm'n, 114 F.3d 1136, 1138 (11th Cir. 1997). The Sentencing Reform Act replaced "a system of indeterminate sentences and the possibility of parole with determinate sentencing and no parole."  Id.  Prior to the Act, the Parole Commission determined actual release dates within an upper limit established by 18 U.S.C. § 4206 and a lower limit established by the sentencing court through the use of a sentencing grid.  Feist v. Schultz, 2006 WL 657003, at *2 (E.D. Cal. Mar. 13, 2006).  The Sentencing Reform Act of 1984 abolished the Parole Commission and repealed most of the statutes governing the parole of federal prisoners. Walden, 114 F.3d at 1138.

"However, the Parole Commission was kept in existence for five years after the effective date . . . until October 31, 1992, in order to process inmates who were convicted prior to the [Act]

3

and would still be incarcerated by that date." <u>Feist</u>, 2006 WL 657003, at *3. "Pursuant to Section 235(b)(3) of the [Act], the Parole Commission was required to set release dates for prisoners convicted under the 'old law' who would be within its jurisdiction on the day before the expiration of the five-year period." <u>Id.</u>  The Parole Commission retained its discretion to set release dates outside the guidelines. <u>See id.</u>  The Parole Commission was extended to November 1, 1992, then November 1, 1997, and then to November 1, 2002. On November 2, 2002, the Parole Commission was extended to November 1, 2005. On September 29, 2005, the Parole Commission was further extended to November 1, 2008.

Feist now moves the Court for a writ of *audita querela*. Feist contends that the Parole Commission and its associated laws expired on November 1, 2002, prior to which he should have received a parole release date. Feist contends that the extension of the Parole Commission on November 2, 2002, was ineffective because the Parole Commission had already ceased to exist as of November 1, 2002, and could not be further extended. Therefore, Feist contends that he is entitled to immediate release because the Parole Commission did not set a release date. Feist also argues that the sentencing judge told him that he would be paroled in ten (10) years.

The Government contends that *audita querela* relief is inappropriate under the circumstances. Second, the Government contends that there is an alternative remedy available to Feist, namely a habeas corpus motion under 28 U.S.C. § 2241. Third, the Government argues that Feist cannot show prejudice. As to Feist's contention that the sentencing judge told him that he would be paroled in ten (10) years, the Government submits that this argument is without merit.

## II. LEGAL DISCUSSION

*Audita querela*, Latin for "the complaint having been heard," is a common law writ of error dating back to the early part of the 14th century. See BLACK'S LAW DICTIONARY 141 (8th Ed. 2004). At common law, the writ allowed a judgment debtor to obtain equitable relief from a judgment based on some defense or discharge available after the entry of judgment. Id. The writ of *audita querela*, and its counterpart the writ of *corim nobis*, have been expressly abolished in civil cases by Rule 60(b) of the Federal Rules of Civil Procedure. However, these common law writs potentially survive in the federal criminal context based on the United States Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954), and the All Writs Act. Both writs are available only to the extent that they "fill gaps" in the current system of federal post-conviction relief. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2000).

"Audita querela is probably available where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (emphasis added). However, it is clear that *audita querela* relief is not available when other post-conviction remedies exist. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007); United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).

The Government contends that Feist's motion should be denied because a habeaus corpus motion under 28 U.S.C. § 2241 is the appropriate avenue of relief for Feist's claim. Relief under 28 U.S.C. § 2241 is permitted for actions involving the computation of credit for pretrial detention, good time, and those seeking to shorten court-ordered sentences that are administered by prison officials. See Reno v. Koray, 515 U.S. 50, 52-55 and n.1 (1995); Bell v. United States, 48 F.3d

1042, 1043 (8th Cir. 1995) (finding that the prisoner, who was challenging the amount of credit he received for time served, "could properly attack the execution of his sentence in a 28 U.S.C. § 2241(a) habeas petition"); see also United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) ("a claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself"); United States v. Espinoza, 866 F.2d 1067, 1069-71 (9th Cir. 1988). Stated another way, "a petitioner challenging the manner, location, or conditions of [the] sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241." Feist, at *1.

Feist v. Schultz is instructive because it involved David Feist, the brother and one of the accomplices of Sebastian Feist, the defendant in this matter. In Schultz, David Feist brought a habeas corpus motion under 28 U.S.C. § 2241, contending, among other things, that he should have been immediately released because the Parole Commission was phased out on November 1, 2002. This is exactly the same argument now made by Sebastian Feist. The court in Schultz determined that a habeas corpus motion under 28 U.S.C. § 2241 was the proper claim but recommended that the claim be denied. Id. at *6.

In United States v. Hutchings, 835 F.2d 185 (8th Cir. 1987), the Eighth Circuit Court of Appeals addressed the defendant's appeal of the district court's denial of his 28 U.S.C. § 2255 motion. Hutchings contended in his Section 2255 motion that he was entitled to be released by the Parole Commission in accordance with Section 235(b)(3) of the Sentencing Reform Act. Hutchings contended that the Parole Commission "incorrectly determined that the transition rules did not apply to him, thereby resulting in his unauthorized detention." The court found that Hutchings "attacked the execution of his sentence, *i.e.*, the lawfulness of his sentence as it is being executed under the [Parole Commission's] interpretation of § 235(b)(3) of the Act . . . ." The court determined that

6

Hutchings's attack on the execution of his sentence was cognizable as a motion pursuant to 28 U.S.C. § 2241. Id. at 187. As the court in Hutchings noted, "[i]f the petitioner were being illegally detained, his remedy was by way of a petition for writ of habeas corpus under 28 U.S.C. §2241(a) . . . ." Id. at 186 (citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974)).

In this case, Feist argues that he is being illegally detained because the Parole Commission expired on November 1, 2002, without setting his release date and, therefore, he should be released immediately. As in Hutchings, Feist is challenging the lawfulness of his sentence as it is being executed under the Parole Commission's interpretation of Section 235(b)(3). Feist disagrees with the interpretation that Section 235(b)(3) does not mandate his immediate release. Therefore, the Court finds that Feist's motion for *audita querela* is not the appropriate claim for relief because there is an alternative post-conviction remedy available, namely, a motion pursuant to 28 U.S.C. § 2241.

It is well-settled that a challenge to the execution of a sentence is to be brought in a habeas corpus motion under 28 U.S.C. § 2241 in the district of incarceration against the inmate's custodian, not the district of sentencing. Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042, 1043-44 (8th Cir. 1995); Neary v. United States, 998 F.2d 563, 564 n.1 (8th Cir. 1993). Feist is currently incarcerated in the United States Penitentiary in Florence, Colorado. Therefore, the Court finds that it lacks jurisdiction over Feist's claim.

Even if this Court were to have jurisdiction over Feist's claim, his claim would fail. In Feist v. Schultz, David Feist argued that he should be immediately released from federal prison because the Parole Commission was phased out on November 1, 2002, which meant that he was entitled to be released at the expiration of 206 months as established by the Sentencing Reform Act guidelines. Schultz, 2006 WL 657033, at *5. The court noted that "there was a one-day hiatus where the Parole

Commission was apparently in suspension" when the Parole Commission expired on November 1, 2002, and was not extended until November 2, 2002. The court addressed the one-day hiatus and made the following finding:

> However, Petitioner is not entitled to immediate release because of [the one-day hiatus]. Under the original Section 235(b)(3) of the [Act], the Parole Commission was required to set a final release date within Petitioner's guideline range before it expired. Amended Section 235(b)(3) required the Commission to set a final release date but the Commission had the discretion to set a date outside the guidelines. Therefore, Petitioner was not entitled to immediate release on November 1, 2002. The Commission would only have set a release date for him. As persuasively argued by Respondent, Petitioner did not have a reasonable expectation that the release date would be anything other than the "continue to expiration" decision he had been given since his first parole hearing in 1992.

Schultz, at *5. The Court finds the reasoning in Schultz to be persuasive. The Parole Commission would have only set a release date for Feist and Feist had no reasonable expectation that the release date would be anything other than a continuation to the end of his sentence as the Parole Commission decided on November 7, 2006.

### III.   CONCLUSION

The Court finds that it lacks jurisdiction over Feist's motion attacking the execution of his sentence. The Court **DENIES** Feist's motion for *audita querela* (Docket No. 2).

**IT IS SO ORDERED**.

Dated this 10th day of November, 2008.

                                          */s/ Daniel L. Hovland*
                                          Daniel L. Hovland, Chief Judge
                                          United States District Court